**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRYL WAYNE MANCO,

     Plaintiff-Appellant,

v.

DAVID R. MCKUNE, Warden;
DOUGLAS FRIESZ, Major; ROBERT B.
PAYNE, SR., Captain; and JOHN W.
RUTLEDGE, Unit Team,

     Defendants-Appellees.

No. 96-3312
(D.C. No. 94-CV-3378)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the dismissal of a pro se prisoner's action filed under 42 U.S.C. § 1983. The original complaint filed by plaintiff Manco asserted three separate claims, but, on appeal, he attacks only the dismissal of his Eighth Amendment claim that he was deprived of shoes and forced to walk in snow and ice for six and a half days. The district court granted summary judgment to the defendants because its review of the papers filed by them in support of their motion for summary judgment as well as Manco's responding documents disclosed no facts that would support the complaint.

Defendants' *Martinez* report disclosed that as Manco claimed upon his release from segregation he was without shoes, but he was told to report to "Admissions and Discharge" [A&D] with a copy of his property inventory to obtain new shoes. Manco arrived at A&D without the inventory and was advised he could not obtain **new** shoes without the document. Although Manco became upset by that refusal, he was issued and accepted used boots. This same transaction, with the same results, was repeated days later. Manco was also twice placed on "call out" to obtain new boots, but he did not respond. Ultimately, he received new boots.

Although the **Martinez** report is supported by documentation, Manco's response contains only his unsupported statements. Even so, Manco does not deny he received two pairs of used boots or that he was told all he had to do to obtain new boots was to bring to A&D a copy of his property inventory. Although he asserts he was not called out to

receive the boots, copies of the call out sheet unequivocally show his name appears twice for A&D.

In short, then, the uncontroverted facts clearly demonstrate that contrary to his claim, Manco was not deprived of adequate footwear. Indeed, the most his proof indicates is that the prison authorities demanded he comply with procedure and that he failed to do so. As the district court noted, this evidence falls far short of showing he was subjected to unnecessary and wanton infliction of pain of a sort prohibited by the Eighth Amendment.

It is clear the district court did not err in its disposition. Furthermore, we conclude this appeal is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and **DISMISS** it. This dismissal counts as a "**prior occasion**" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

- 3 -